IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert E. Young, #213263,  ) | |
| ) | Civil Action No. 6:04-0823-JFA-WMC |
| Plaintiff,  ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs.  ) | |
| ) | |
| Ike Robinson, Abbeville County  ) | |
| Administrator,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

This matter is before the court on the defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. In his amended complaint, the plaintiff, a state prisoner who is proceeding *pro se*, alleges civil rights violations while he was held at the Abbeville County Detention Center.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On August 30, 2005, the defendant filed a motion for summary judgment. By order filed August 30, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response to the defendant's motion on September 28, 2005.

**FACTS PRESENTED**

The plaintiff initially filed this action against both the County of Abbeville and Ike Robinson, the Administrator of the Abbeville County Detention Center. By order dated May 6, 2004, this court noted that the plaintiff did not provide a Form US-285 or a summons for the County of Abbeville as previously directed by the court and, thus, the docket was edited to reflect that the county was no longer a party to this action.

The plaintiff, who on the relevant dates was under sentence with the South Carolina Department of Corrections ("SCDC"), was given a position as a trustee with Abbeville County. He was housed at the county work camp, which is adjacent to the Abbeville County Detention Center, and he was assigned to work for the detention center's 911 center.

The plaintiff alleges in his amended complaint that on or about December 4, 2003, his "legal book" was taken from him by the defendant and placed in a storage room. He further claims that on January 8, 2004, the defendant seized his "only legal book." The plaintiff alleges that he was denied access to the courts because of the defendant's actions (am. comp. 3-4). The plaintiff also contends that certain personal effects including clothing were "confiscated" from him, and he claims that when his locker containing the personal items was released to his family, the lock had been broken (pl. aff. ¶¶ 6-9, 14-15). He further contends that there was no rule in place at the detention center stating that personal clothing was contraband (amended comp. 3-4).

The defendant maintains that the plaintiff was warned several times for his job performance, and it was noted that he was observed watching television when he should have been working. On February 3, 2004, a frisk search was performed, and the plaintiff was found to be in possession of several books, one of which was identified as a business law book. According to the defendant, the plaintiff had been warned about reading legal materials and other materials while he was working. Accordingly, the plaintiff's trustee

status was terminated. The defendant further maintains that while the plaintiff was housed at the work camp, certain items of his personal clothing were stored at the facility, as regulations required that the plaintiff wear prison-issued clothing. The defendant claims that once the plaintiff's status as a trustee was terminated, his personal clothing was returned to his family, and the plaintiff was returned to the custody of the SCDC (def. m.s.j. 1-2).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold

demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The plaintiff first claims that he was denied access to a law library at the detention center and/or work camp. He also argues that his "legal books" were confiscated, which denied him access to the courts. These claims are governed by the First Amendment right of access to the courts. As noted by the defendant, the plaintiff was a state prisoner who chose to be a trustee at the detention center. The Fourth Circuit Court of Appeals has ruled that the Constitution does not require that every local jail facility have a law library. *Magee v. Waters*, 810 F.2d 451, 452-53 (4th Cir. 1987). Further, to state a constitutional claim for denial of access to the courts, a prisoner must show that the alleged shortcomings "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). A claim for failure to provide access to the courts must be pleaded with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). While the plaintiff alleges generally that his pending federal cases were dismissed for failure to prosecute because he was denied access to a law library and his law books were taken away (pl. resp. m.s.j. 1-2), he "has

4

alleged 'no specific problem he wished to research and ... no actual injury or specific harm which has resulted to him by his limited access to the jail library or its limited contents.'" *Strickler v. Waters*, 989 F.2d 1375, 1383 (4th Cir. 1993) (quoting *Magee*, 810 F.2d at 452-53). Further, the plaintiff failed to provide any specific information as to the basis of his claim and has failed to identify what legal materials were taken away. The plaintiff's claims are merely bald allegations which are insufficient to survive summary judgment. *See White v. Boyle*, 538 F.2d 1077, 1079 (4th Cir. 1976) (conclusory allegations insufficient to survive summary judgment).

Next, the plaintiff makes a vague allegation that at some point during his incarceration at the detention center he was not allowed to wear his personal clothing and was required to wear prison-issued clothing. He further alleges that when the locker in which his personal items were kept was returned to his family, the lock was broken. He has presented absolutely no evidence as to the identity of the person or persons who allegedly broke the lock. As noted by the defendant, the plaintiff, as an inmate with the SCDC working as a trustee at the detention center, was required to wear prison-issued or prison approved clothing. He had no right to wear personal clothing. The plaintiff has failed to make out any constitutional claim with regard to the loss of any personal property and/or clothing. Further, the plaintiff has presented no evidence that the defendant had any involvement with the handling of the plaintiff's personal items. The doctrine of *respondeat superior* generally is inapplicable to §1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). A supervisor may be held liable for the constitutional violations committed by his subordinates, but only if the plaintiff can show that the supervisor tacitly authorized, or was deliberately indifferent to, the subordinates' actions. *Shaw v. Stroud*, 13 F. 3d 791, 798 (4th Cir.), *cert. denied*, 513 U.S. 813 (1994). The plaintiff has made no such showing.

To the extent that the plaintiff's complaint can be perceived to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims. *See* 28 U.S.C. §1367(c).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendant's motion for summary judgment be granted.

> s/William M. Catoe
> United States Magistrate Judge

December 21, 2005

Greenville, South Carolina