IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert E. Young, #213263, | ) | C/A No.  6:04-0823-JFA-WMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ike Robinson, Abbeville County Administrator, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The *pro se* plaintiff, an inmate with the South Carolina Department of Corrections, initiated this action against the defendant, Ike Robinson,[1] pursuant to 42 U.S.C. § 1983.

The defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure suggesting that the allegations of the plaintiff's complaint do not give rise to a constitutional claim. The plaintiff was advised of the summary judgment procedure and his need to adequately respond to the motion pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The plaintiff responded to the motion and filed supporting affidavits.

The Magistrate Judge has prepared a detailed and comprehensive Report and Recommendation suggesting that the defendant's motion for summary judgment should be granted. Within the time prescribed by the Local Rules for this District, the plaintiff filed objections to the Report and Recommendation along with a counter-motion for summary judgment. The court has carefully considered the plaintiff's objections, conducted the required *de novo* review, and has determined that the Magistrate Judge's recommended disposition should not be disturbed for the reasons stated herein.

## BACKGROUND

In the fall of 2003, the plaintiff applied for and was given a position as a trustee with Abbeville County. He was housed at the county work camp, which is adjacent to the Abbeville County Detention Center ("ACDC"), a designated facility of the South Carolina

---

[1] The plaintiff abandoned his original claims against the County of Abbeville by way of a document filed with the court on March 8, 2005.

2

Department of Corrections ("SCDC"). Young was assigned to work for ACDC's 911 center while he was an inmate with the SCDC. The plaintiff was later terminated as a trustee.

Young alleges in his amended complaint,[2] that on December 4, 2003, his "legal book" was taken from him by the defendant and placed in a storage room. He further claims that on January 8, 2004, the defendant seized his legal book. As a result of the defendant's alleged actions, the plaintiff asserts that he was denied access to the courts. Young also claims that certain of his personal effects and clothing were confiscated by the defendant.

The defendant contends that as a result of plaintiff's poor job performance at the ACDC, he was terminated as a trustee. Specifically, the defendant notes that the plaintiff was warned for watching television and reading legal books and materials when he should have been working at the 911 Center.

In his summary judgment motion, the defendant maintains that the plaintiff made the choice to become a trustee, knowing he would be housed at the Abbeville County Detention Center, which does not have a law library. The defendant further contends that the ACDC is not required to provide a law library to its inmates,[3] noting that the Fourth Circuit Court of Appeals has ruled that the Constitution does not require that every local jail facility have a law library. *Magee v. Waters*, 810 F.2d 451, 452-53 (4th Cir. 1987).

---

[2] Young's original complaint was filed on March 24, 2004 and his amended complaint was filed on June 24, 2005.

[3] The court presumes that the ACDC does not have an inmate grievance procedure in place, thus the grievance procedure exhaustion requirements of the Prison Litigation Reform Act ("PLRA") are not discussed.

3

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

The plaintiff's denial-of-access claim fails because his amended complaint does not specifically explain how he was injured by any limitations on his access to the law library. *See Lewis v. Casey*, 518 U.S. 334, 351 (1996) (explaining that for plaintiff to state a claim for denial of access to courts, it is not enough to show that the "prison's law library or legal assistance program is subpar in some theoretical sense"; a plaintiff must demonstrate actual injury by "demonstrat[ing] that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim").

In his objection memorandum, but not his amended complaint, Young notes that he had or has other actions pending in this court: *Young v. Buchanon*, C/A No. 8:03-3871-17AK (filed December 30, 2003); *Young v. Spetnagel*, C/A No. 8:03-3870-17AK (filed December 30, 2003); and *Young v. Nickols*, C/A No. 6:03-3640-17AK (filed November 20, 2003).[4]

Two of the cases, *Buchanon* and *Spetnagel*, were dismissed without prejudice. In both of these cases, the Magistrate Judge issued his Report and Recommendation on January 6 and 7, 2004, respectively. After receiving notice from the plaintiff on January 23, 2004 that he had moved to a new address, the Clerk of Court re-mailed the Report and Recommendation in the *Spetnagel* case to the plaintiff and reset the objection deadline to February 10, 2004, allowing the plaintiff ample time to respond to the Report if he wished. Upon finding the Magistrate Judge's Reports to be proper, and with no receipt of objections from plaintiff in either action, the undersigned dismissed both cases *without prejudice* on February 19, 2004.

Contrary to the plaintiff's assertion in his present objections that these cases were

---

[4] Also pending at the time, but not referenced by the plaintiff, was the case of *Young v. Bunch*, C/A No. 8:04-61-17AK (filed January 29, 2004).

5

dismissed for failure to prosecute, a review of the orders of dismissal indicates that the *Spetnagel* case was summarily dismissed for lack of jurisdiction and the *Buchanon* case was summarily dismissed for lack of personal jurisdiction over the defendant. As noted above, both cases were dismissed without prejudice.

During the relevant time periods that Young alleges the defendant hindered his access to his pending cases (December 4, 2003 and January 8, 2004), Young appears to have been actively involved in his civil action *Young v. Nickols*. A review of this docket reveals that on December 10, 2003, Young filed a Statement of Assets and a Financial Affidavit. On December 11, 2003, he filed a 3-page letter with the court.[5] On December 19, 2003, he filed answers to interrogatories. On January 9, 2004, Young filed a motion to extend time to file objections to the Report and Recommendation, and objections. Then, on January 14, 2004, he filed a letter (document No. 14) stating:

> "I, Robert E. Young, #213263 Plaintiff here by wish to apologize for my most resent action on filing an objection to the report and recommendation of the Magistrate Judge. I was ignorant to the fact that the objection didn't pertain to me, in regards to my mistake, I ask to the court to disregard those objection on my behalf. I am well satisfied with the Magistrate Judges Report and Recommendation. Thank you."

---

[5] In this document No. 5 (filed December 11, 2003), Young summarizes his Post Conviction Relief ("PCR") hearing in state court in case number 2003-CP-23-2555. He notes that he was granted a hearing on his claims of ineffective assistance of counsel and that on December 4, 2003, his PCR was dismissed for lack of a showing of ineffective assistance of counsel. In document No. 5, Young appears to suggest that his attorney took his legal documents:

> "...because my state appointed attorney withheld all my research that were gather as a showing of evidence on ineffective assistance of counsel, which were all legal documents that supported my testimony, since my hearing my copies has come up missing, I know my attorney took them, was it because he didn't want me to prove ineffective assistance of counsel?"

6

The next day, January 15, 2004, Young filed a motion to amend his complaint in *Young v. Nickols*.  On January 29, 2004, he filed an objection to the Report and Recommendation.  And on February 2, 2004, he filed a document apparently adding claims against a new defendant.  The undersigned dismissed the action without prejudice for lack of personal jurisdiction on February 19, 2005.[6]

The court finds that Young's claims of denial-of-access are conclusory allegations insufficient to survive summary judgment and that any injury was *de minimis*.

As to the plaintiff's charge that his personal clothing and trunk were confiscated, the defendant contends that prison regulations require that the plaintiff wear prison-issued clothing, citing *Rosson v. Weatherholtz*, 405 F. Supp. 48, (W.D.Va. 1975) (jails may disallow possession of personal clothing).  The defendant maintains that no property rights of the defendants were violated by any action of the defendant.  Such personal clothing was returned to his family after the plaintiff was terminated as a trustee at the ACDC and transferred to another facility within the South Carolina Department of Corrections.  The court finds that the plaintiff has failed to present any constitutional claim on this issue, nor any liability on the part of the defendant.

The plaintiff's claims of supervisory liability and liability under respondeat superior need not be addressed because no underlying violation has been shown by the plaintiff.

---

[6] On June 24, 2005, the Fourth Circuit Court of Appeals entered an opinion reversing and remanding the case.  *See Young v. Nickols*, et al., 413 F.3d 416 (4th Cir. 2005).  The Court found that its earlier decision in *Wirth v. Surles*, 562 F.2d 319 (4th Cir. 1977), had not been overriden by the United States Supreme Court's in the case of *Heck v. Humphrey,* 512 U.S. 477 (1994), thus allowing the plaintiff to proceed with his § 1983 action for a damages claim for illegal extradition.  The Circuit Court also directed the district court to consider whether Young's allegations were frivolous or failed to state a claim upon which relief may be granted.

7

Accordingly, the defendant's motion for summary judgment is hereby granted and this action is dismissed with prejudice.

IT IS SO ORDERED.

                                                  Joseph F. Anderson, Jr.

January 25, 2006                           United States District Judge
Columbia, South Carolina